EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: IDREAMSKY TECHNOLOGY LIMITED SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:15-cv-2514 (JPO) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

EXHIBIT A

WHEREAS, Lead Plaintiff Melvyn Boey Kum Hoong, ("Lead Plaintiff") and named plaintiffs Jets Holdings, LLC, Masoud Shemirani, Michael Rubin, and Roger Mariani (collectively, "Plaintiffs") on behalf of themselves and the Settlement Class, and Defendants iDreamSky Technology Limited ("IDS" or "Company"), Michael Xiangyu Chen, Jun Zou, Anfernee Song Guan, Jeffrey Lyndon Ko, Erhai Liu, Steven Xiaoyi Ma, Mingyao Wang, David Yuan, (collectively, the "Individual Defendants"), Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Stifel, Nicolaus & Co., Inc., and Piper Jaffray & Co. (collectively, the "Underwriter Defendants"), have entered into the Stipulation and Agreement of Settlement, dated November 28, 2017 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *In re: iDreamSky Technology Limited Securities Litigation*, Case No. 1:15-cv-2514 (JPO), (S.D.N.Y.) (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2017, that:

    1. Capitalized terms used herein have the meanings defined in the Stipulation.

    2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired IDS American Depositary Shares ("ADSs") (1) pursuant and/or traceable to

1

the Company's Registration Statement and/or Prospectus issued in connection with the Company's initial public offering on or about August 7, 2014 and/or (2) on the open market between August 7, 2014 and March 13, 2015, inclusive, and excluded from the Settlement Class are all (i) Defendants and their immediate family members; (ii) IDS's and the Underwriter Defendants' subsidiaries and affiliates; (iii) all officers and directors of IDS during the Settlement Class Period; (iv) any entities in which any Defendant has a controlling interest (but in the case of the Underwriter Defendants, only such entities that they have a majority ownership interest in); (v) the legal representatives, heirs, successors or assigns of any person excluded under subsections (i) through (iii); and (vi) Opt-Outs; provided that the foregoing exclusion shall not include Investment Vehicles as defined in Section 1.33 of the Stipulation.

3. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Co-Lead Counsel, previously selected by

EXHIBIT A

Lead Plaintiff and appointed by the Court, are hereby appointed as Co-Lead Counsel for the Settlement Class ("Co-Lead Counsel").

5. The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 2018 at __:__ _.m. [between one hundred (100) and one hundred ten (110) calendar days after the entry of this Order] for the following purposes:

    (a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

    (b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (c) to determine finally whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, and to determine whether the Court should permanently enjoin the assertion of any Claims that arise from or relate to the subject matter of the Action;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Co-Lead Counsel for an award of attorneys' fees and expenses and an award to the Plaintiffs;

(f)     to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing;

(g)     to determine whether an order should be entered barring and enjoining Lead Plaintiff and all Class Members from instituting, commencing, assisting, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Released Claims; and

(h)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice other than entry of an Order on the Court's docket. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the

Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 or due process of law.

9. The Court approves the form, substance and requirements of (a) the Notice, (b) the Proof of Claim, and (c) the Summary Notice, all of which are exhibits to the Stipulation.

10. Co-Lead Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11. Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

12. The Court approves the appointment of The Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

13. Within twenty-one (21) days of the entry of this Order, Co-Lead Counsel, through the Claims Administrator, shall cause the Notice, substantially in the form of Exhibit B to the Stipulation, which is annexed hereto, to be mailed by first class mail, postage prepaid, to all Settlement Class Members who can be identified by reasonable effort by the Claims Administrator.

14. The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Co-Lead Counsel up to $150,000.00 (One Hundred Fifty Thousand Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, up to a total of $300,000.00 (Three Hundred Thousand Dollars), may be transferred from the Settlement Fund to pay for any necessary additional Notice and Administration Expenses without further

order of the Court. For any additional Administrative Costs above $300,000, Co-Lead Counsel shall obtain Court approval for payments out of the Escrow Account.

15. No later than fourteen (14) calendar days after the date of this Order, IDS shall provide and/or cause its transfer agent to provide to Co-Lead Counsel or the Claims Administrator records containing the Settlement Class Information in a usable electronic format, such as an Excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

16. No later than fourteen (14) days after the entry of this Order, Co-Lead Counsel, through the Claims Administrator, shall, (a) post the Stipulation and its exhibits, this Order, and a copy of the Notice on the Claims Administrator's website; (b) mail requests to nominees or custodians who held IDS ADSs during the Settlement Class Period as record owners but not as beneficial owners, requesting the names of all beneficial owners of IDS stock; (c) post the Notice and Proof of Claim on the Claims Administrator's website; and (d) publish the Summary Notice on *GlobalNewswire*.

17. No later than seven (7) days after receiving records containing the Settlement Class Information, Co-Lead Counsel, through the Claims Administrator, shall mail, by first class mail, postage prepaid, the Notice and Proof of Claim to the list of record holders of IDS ADS.

18. Nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim, either (i) request additional copies of the Notice and Proof of Claim sufficient to send the Notice and Proof of Claim and Release Form to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial

6

owners. Nominees or custodians who elect to send the Notice and Proof of Claim and Release Form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to $0.75 per unit, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

19. As soon as practical after receiving lists of beneficial owners from nominees and custodians, the Claims Administrator shall mail the Notice to all Settlement Class Members whom the Claims Administrator identifies by reasonable efforts.

20. Promptly upon receiving requests from Settlement Class Members, the Claims Administrator shall mail, by first class mail, postage pre-paid, the Notice and Proof of Claim to such beneficial owners who request it, or otherwise instruct Settlement Class Members how to receive the Notice electronically and how to submit a Proof of Claim and Release Forms.

21. No later than fourteen (14) calendar days before the Settlement Hearing, Co-Lead Counsel shall serve upon counsel for Defendants and file with the Court (a) proof of the mailing of the Notice and details of how many persons received the Notice and Proof of Claim by mail and how many accessed it electronically as required by this Order, and (b) proof of publication of the Summary Notice.

22. The Court approves the proposed Proof of Claim substantially in the form of Exhibit D to the Stipulation.

23. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

24. To be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than _____, 2018 [fourteen (14) days prior to the Settlement Hearing]. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a

timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

25. All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

26. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class ("Request for Exclusion") in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make a Request for Exclusion shall mail it, in written form, postmarked no later than _____, 20__ [thirty (30) calendar days prior to the Settlement Hearing] (the "Exclusion Deadline"), to the addresses listed in the Notice. To be valid, such Request for Exclusion must (a) clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re: iDreamSky Technology Limited Securities Litigation*, Case No. 1:15-cv-2514 (S.D.N.Y.)," and (b) (i) state the date, number of shares and dollar amount of each IDS ADS purchase or acquisition during the Settlement Class Period, and any sale transactions, and (ii) the number of shares of IDS ADS held by the Person as of August 7, 2014 through March 13, 2015. To be valid, such Request for Exclusion must (i) be submitted with documentary proof of each purchase or acquisition and, if

10

applicable, sale transaction of IDS ADS during the Settlement Class Period and (ii) demonstrate the Person's status as a beneficial owner of the IDS ADS. Any Request for Exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The Request for Exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Co-Lead Counsel may contact any Person filing a Request for Exclusion, or their attorney if one is designated, to discuss the exclusion.

27. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties within three (3) business days of receipt by the Claims Administrator but in no event later than fourteen (14) calendar days before the Settlement Hearing. The Settlement Class will not include any Person who delivers a valid and timely Request for Exclusion.

28. Any Person that submits a Request for Exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than five (5) calendar days before the Settlement Hearing and the Person also submits a valid Proof of Claim prior to the Settlement Hearing, in which event that Person will be included in the Settlement Class.

29. All Persons who submit a valid, timely and unrevoked Request for Exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

30. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any

11

other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following at least twenty-one (21) days prior to the Settlement Hearing Date:

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

CO-LEAD COUNSEL:

Jacob A. Goldberg, Esq.
Keith Lorenze, Esq.
THE ROSEN LAW FIRM, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19046

Joshua L. Crowell, Esq.
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

COUNSEL FOR IDS:

Scott D. Musoff, Esq.
Robert A. Fumerton, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036

COUNSEL FOR THE UNDERWRITER DEFENDANTS
Peter Eric Kazanoff, Esq.
Sarah Emily Phillips, Esq.
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

31.  To be valid, any such objection must contain the Settlement Class Member's (1) name, address, and telephone number, (2) a list of all purchases and sales of IDS ADSs during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his,

her, or its counsel, (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

32. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

33. Co-Lead Counsel shall file all papers, including memoranda or briefs in support of the Stipulation, no later than thirty five (35) days prior to the Settlement Hearing.

34. Co-Lead Counsel shall file any motion for an award of attorneys' fees and reimbursement of expenses no later than thirty five (35) days prior to the Settlement Hearing.

35. Any submissions filed in response to any objections (if any are received) shall be filed no later than seven (7) days prior to the Settlement Hearing.

36. Defendants, their counsel, Insurers, and other Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses or payments to the Class Representatives submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

37. Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from IDS's shareholder transfer records, in no event shall the Defendants or any of the Released Parties have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Parties shall have any obligation or liability to the Plaintiffs, Co-Lead Counsel, or the Settlement Class in connection with such administration.

38. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

39. No Person shall have any claim against Plaintiffs, Co-Lead Counsel, other plaintiffs' counsel who worked on the Action, the Settlement Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Co-Lead Counsel based on

14

distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

40. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

41. Neither the Stipulation, including any and all of its terms, provisions, exhibits, and prior drafts, nor any terms of the Settlement, nor any statement, communication, document, mediation, negotiation or materials relating thereto, is evidence, or an admission, presumption, or concession by Defendants, their counsel, their insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, negligence or wrongdoing or any kind or construed as, or deemed to be evidence of or an admission or concession that Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, including any and all of its terms, provisions, exhibits, and prior drafts, nor any terms of the Settlement, nor any statement, communication, document, mediation, negotiation or materials relating thereto, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

42. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and

15

except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to July 5, 2017, pursuant to the terms of the Stipulation.

43. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Settling Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: _____, 2017

                                                                          _____
                                                                          HON. J. PAUL OETKEN
                                                                          UNITED STATES DISTRICT JUDGE