UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: IDREAMSKY TECHNOLOGY LIMITED SECURITIES LITIGATION | Civil Action No. 1:15-cv-2514 (JPO) |

**ORDER AND FINAL JUDGMENT**

On the 3rd day of April, 2018, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 28, 2017 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants iDreamSky Technology Limited ("IDS" or "Company"), Michael Xiangyu Chen, Jun Zou, Anfernee Song Guan, Jeffrey Lyndon Ko, Erhai Liu, Steven Xiaoyi Ma, Mingyao Wang, David Yuan, Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Stifel, Nicolaus & Co., Inc., and Piper Jaffray & Co. (collectively, "Defendants"); (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Class Counsel as fees and reimbursement of expenses; (5) whether and in what amount to award Lead Plaintiffs as incentive fees; and (6) whether an order should be entered barring and enjoining Lead Plaintiff and all Class Members from instituting, commencing, assisting, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Released Claims; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated December 14, 2017 ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. For purposes of this Settlement, the Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants,.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased or otherwise acquired IDS American Depositary Shares (1) pursuant and/or traceable to the Company's Registration Statement and/or Prospectus issued in connection with the Company's initial public offering on or about August 7, 2014 and/or (2) on the open market between August 7, 2014 and March 13, 2015, inclusive, and excluded from the Settlement Class are (i) all Defendants and their immediate family members; (ii) IDS's and the Underwriter Defendants' subsidiaries and affiliates; (iii) all officers and directors of IDS during

the Settlement Class Period; (iv) any entities in which any Defendant has a controlling interest (but in the case of the Underwriter Defendants, only such entities that they have a majority ownership interest in); (v) the legal representatives, heirs, successors or assigns of any person excluded under subsections (i) through (iii); and (vi) Opt-Outs; provided that the foregoing exclusion shall not include Investment Vehicles as defined in Section 1.33 of the Stipulation.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Co-Lead Counsel previously selected by Plaintiffs and appointed by the Court are hereby appointed as Class counsel for the Settlement Class ("Co-Lead Counsel").

6.  In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice.  No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Settlement Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. Upon the Effective Date, the Releasing Parties, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be, and by operation of this Order and Final Judgment hereby are, permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

10. With respect to any and all Released Claims, the Class Representative each of the Settlement Class Members shall be deemed to have waived, and by operation of this Order and Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative and each of the Settlement Class Members shall be deemed to have waived, and by operation of this Order and Final Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Class Representative and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative and the Settlement Class Members shall be deemed by operation of this Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

5

11. Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Defendant Claims they may have against Releasing Parties related to the Releasing Parties' prosecution of the Action or any other known or unknown counterclaim related thereto and shall have covenanted not to sue the Releasing Parties with respect to any Defendant Claim, counter claim, or sanction related to the Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such Defendant Claim, in any capacity, against any of the Releasing Parties.  Nothing contained herein shall, however, bar Released Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

12. The Court finds that all Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

13. Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms, provisions, exhibits, and prior drafts, nor any statement, communication, document, mediation, negotiation or materials relating thereto is evidence, or an admission, presumption, or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any liability, fault, negligence or wrongdoing whatsoever, as to any facts or claims alleged or asserted or that could have been alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted or that could have been alleged or asserted in any such action or proceeding.  This Order and Final Judgment is not a finding or evidence of the validity or invalidity

of any claims or defenses alleged or asserted or that could have been alleged or asserted in the Action, any liability, fault, negligence or wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties.  Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any terms, provisions, exhibits, and prior drafts, nor any statement, communication, document, mediation, negotiation or materials relating thereto (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, negligence, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, negligence or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; <u>provided</u>, <u>however</u>, that this Order and Final Judgment, the Stipulation, or the documents related thereto may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or this Order and Final Judgment, to effectuate the liability protection granted thereunder, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, offset or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as otherwise required by law.

      14.    Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction

of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

15. Exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement Fund to the Settlement Class Members.

16. Without further order of the Court, the Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court makes herein on the proposed Plan of Allocation or Class Counsel's application for an award of attorneys' fees and expenses or an award to the Class Representative.

19. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

20. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of $1,383,333.33 plus interest earned at the same rate as the Settlement Fund, which the Court finds to be fair and reasonable, and $29,124.05 in reimbursement of expenses.  Co-Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other

Plaintiffs' counsel in a manner in which Co-Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

21. Class Representatives are each hereby awarded $10,000 for costs and expenses directly related to their representation of the Settlement Class, which the Court finds to be fair and reasonable.

22. Defendants and the Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Co-Lead Counsel, the Class Representatives, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

23. Any order approving or modifying the Plan of Allocation, Co-Lead Counsel's application or award of attorneys' fees and expenses, or Class Representatives' application or award for reimbursement of costs and expenses, shall not disturb or affect the finality of this Order and Final Judgment.

24. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to July 5, 2017, pursuant to the terms of the Stipulation.

Dated: April 4, 2018
      New York, New York

                                                     J. PAUL OETKEN
                                             United States District Judge